UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOSEPH GUGLIELMO, *on behalf of himself
and all others similarly situated,*

                                                     Plaintiff,          **CONSENT DECREE**

      -against-                                          1:19-CV-10393

LUXURY BRAND HOLDINGS, INC.,

                                                  Defendant.
_____

This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between the following parties: Plaintiff, Joseph Guglielmo ("Plaintiff"), and Defendant, Luxury Brand Holdings, Inc. ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as, the "Parties" for the purposes and on the terms specified herein.

## RECITALS

1.     Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

2.     Plaintiff filed this lawsuit in the U.S. District Court for the Southern District of New York entitled *Joseph Guglielmo, on behalf of all other persons similarly situated v. Luxury Brand Holdings, Inc.* (Docket No. 1:19-cv-10393) (the "Action"). The Plaintiff alleged that Defendant's website: www.ross-simons.com (the "Website"), is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA") and

the New York City Human Rights Law ("NYCHRL").

3. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA and the NYCHRL, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

4. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

5. This Consent Decree is entered into by the Plaintiff, individually.

## JURISDICTION

6. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendant's Website is a service, privilege, or advantage of the Defendant's physical location, thus rendering it a public accommodation subject to Title III of the ADA. 42 U.S.C. § 12181(7); 12182(a). Defendant denies that its Website is a public accommodation or a place of public accommodation or are otherwise subject to Title III of the ADA.

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

8. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this action, the Parties hereby AGREE to the

following:

## DEFINITIONS

9. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

10. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 14 through 20 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's Website could constitute an undue burden, as defined in Title III of the ADA but as applied solely to Defendant's Website - as though they are collectively a standalone business entity, or which could result in a fundamental alteration in the manner in which Defendant operates its Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website related operations.

## TERM

11. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) twenty-four (24) months from the Effective Date; or (2) the date, if any, that the regulations are adopted in the Department of Justice's anticipated proposed regulations for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

12. Pursuant to the terms of this Consent Decree, Defendant:

a. Shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b. shall use Reasonable Efforts to make the Website accessible and usable by the average user with a disability (as defined under the ADA) who is reasonably proficient in the use of the specific assistive device that they use to access the Website, to give that average user with a disability an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c. shall use Reasonable Efforts to ensure that the average user with a disability (as defined under the ADA), including the Plaintiff, who is reasonably proficient in the use of the specific assistive device that they use to access the Website, is not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## **COMPLIANCE WITH TITLE III OF THE ADA**

13. Web Accessibility Conformance Timeline: Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website, which includes the Website (including all pages therein and linked to therefrom), according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance

dates and/or deadlines further in the future than the dates set forth herein:

a. As of the Effective Date, Defendant shall ensure that the Website, if in existence, substantially conforms to the Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA") to the extent that is commercially reasonable in such a manner so that the Websites will be accessible to the average user with a disability (as defined under the ADA) who is reasonably proficient in the use of the specific assistive device that they use to access the Website, as set forth herein.

b. Defendant shall not be responsible for ensuring that third party content or plug-ins whose coding is not solely controlled by Defendant, but are otherwise located on the Websites or linked to from the Websites, are accessible or otherwise conform to WCAG 2.0 AA.

## DISMISSAL OF CASE WITH PREJUDICE

Plaintiff and Defendant have agreed that the case will be dismissed with prejudice. The parties will separately file a stipulation of dismissal with prejudice.

## PROCEDURES IN THE EVENT OF DISPUTES

14. The procedures set forth in Paragraphs 15 through 18 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree or (ii) Defendant alleges that there is a criteria of WCAG 2.0 AA with which it cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendant in connection with such allegations until the following procedures have been exhausted.

15. If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with written notice of non-compliance containing the following information: (i) the alleged act of non-

compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party. Plaintiff will notify Defendant in writing after the dates for compliance set forth herein if Plaintiff believes that the Website is in any way not compliant with this Consent Decree. Defendant will notify Plaintiff in writing if it believes there is a criteria of this Consent Decree with which it cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 21.

16. Within ninety (90) days of either Party receiving notice as described in Paragraph 16, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

17. If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 17, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person, who has a disability and uses screen reader software and has average screen reader competency ("person with a Visual Impairment who has average screen reader competency"), can adequately utilize the Website.

18. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially

6

available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than ninety (90) days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

19. Any of the time periods set forth in Paragraphs 15 through 18 may be extended by mutual agreement of the Parties.

20. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

FOR PLAINTIFF:  David Force, Esq.
Stein Saks PLLC
285 Passaic Street
Hackensack, NJ 07601
P: 201-282-6500
E: dforce@steinsakslegal.com

FOR DEFENDANT: Christopher V. Fenlon, Esq.
Hinckley, Allen & Snyder LLP
30 South Pearl Street, Suite 901
Albany, New York 12207
P: 518-396-3100
E: cfenlon@hinckleyallen.com

7

## MODIFICATION

21.     No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

22.     The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

23.     This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 2, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 2, shall be enforceable.

24.     If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

25.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, indicating those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

26.     The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

27. Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

APPROVED AS TO FORM AND CONTENT:

Dated: 8/4/2020

David Force, Esq.
Stein Saks PLLC
285 Passaic Street
Hackensack, NJ 07601
201-282-6500
dforce@steinsakslegal.com

Dated: 8/4/2020

Christopher V. Fenlon, Esq.
Hinckley, Allen & Snyder LLP
30 South Pearl Street, Suite 901
Albany, New York 12207
518-396-3100
cfenlon@hinckleyallen.com

9

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

(1) This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

(2) The provisions of this Consent Decree shall be binding upon the Parties;

(3) Entry of this Consent Decree is in the public interest;

(4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

(5) The Plaintiff is acting as a private attorney general in bringing this lawsuit and enforcing the ADA; and

(6) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

**NOW THEREFORE**, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

**DONE AND ORDERED** in Chambers at ___10:00___, this _7th_ day of _August_, 2020.

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge